William C. Conkle (SB# 76103)
   *bill@conkle.us*
Christina Olesten (SB# 102839)
   *christina@conkle.us*
CONKLE & OLESTEN, P.C.
11835 W. Olympic Blvd. Ste. 1235
Los Angeles, California 90064
Phone: (310) 704-4000 • Fax: (310) 312-6680

Attorneys for Plaintiff mophie, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California Corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>IMOLE ACCESORIES INC, a Florida Corporation; MICHEL PEREZ, an individual; MIGUEL DE LA RUA, an individual; and DOES 1 through 10 inclusive,<br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**<br><br>2. **FEDERAL UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT**<br><br>3. **FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION**<br><br>4. **UNFAIR BUSINESS PRACTICES**<br><br>5. **COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION**

1.     This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (Subject Matter Jurisdiction – Trademarks), 28 U.S.C. § 1331 (Subject Matter Jurisdiction – Federal Question), 28 U.S.C. § 1338(a) (Subject Matter Jurisdiction – Patents and Trademarks), 28 U.S.C. § 1338 (b) (Subject Matter Jurisdiction - Unfair Competition) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

**VENUE**

2.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

**THE PLAINTIFF**

3.     mophie, Inc., is a California corporation with its principal place of business at 15101 Red Hill Avenue, Tustin, CA 92780. mophie, Inc. is referred to herein as "mophie" or "Plaintiff."

**THE DEFENDANTS**

4.     Plaintiff is informed and believes that Defendant Imole Accesories Inc. ("Imole") is a Florida corporation with its principal place of business at 100 Bay Drive 505, Miami Beach, FL 33141.  Imole markets and sells products throughout the United States, including in Los Angeles County, California.

5.     Plaintiff is informed and believes that Defendant Michel Perez is an individual with a business address of 100 Bay Drive 505, Miami Beach, FL 33141.

1  Michel Perez markets and sells products throughout the United States, including in
2  Los Angeles County, California.

3

4      6.     Plaintiff is informed and believes that Defendant Miguel de la Rua is an
5  individual with a business address of 100 Bay Drive 505, Miami Beach, FL 33141.
6  Miguel De La Rua markets and sells products throughout the United States,
7  including in Los Angeles County, California.

8

9      7.     On information and belief, there are other individuals who make,
10  obtain, distribute, supply and sell products in violation of law, and violate Plaintiff's
11  rights as alleged herein, but Plaintiff is ignorant of their true identity or complete
12  role in the alleged conduct and therefore sues them by the fictitious names DOES 1
13  to 10. Plaintiff is informed and believes that each of the defendants designated as a
14  Doe is liable in some manner for the acts and omissions, damages and injuries of
15  which Plaintiff alleges in this Complaint.   Plaintiff will seek to amend this
16  Complaint to state the true identities of Does 1 through 10 when ascertained.  Imole
17  and Michel Perez and Miguel de la Rua and the Doe Defendants are referred to
18  collectively herein as "Defendants."

19

20      8.     On information and belief, each of the Defendants was at all relevant
21  times acting to the fullest extent recognized by law as the agent, employee or co-
22  conspirator of each of the other Defendants and that in committing the acts and
23  omissions alleged herein and causing the damage and injuries alleged, was acting
24  within the scope of such agency, employment, conspiracy, joint venture or
25  partnership relationship.  The Defendants have committed acts in furtherance of the
26  conspiracy, have given aid and encouragement to the conspirators and have ratified
27  and adopted the acts of their co-conspirators.

28

9.     On information and belief, there exists, and at all times herein mentioned there existed, a unity of interests and ownership between Defendants such that any individuality and separateness between the Defendants never existed or has ceased to exist, and the Defendants are in each instance the alter ego of the other Defendants who control each entity.  To adhere to the fiction of the separate existence of the entities as separate and distinct from the Defendants identified with them as owning and controlling them would permit an abuse of the corporate and other entity privileges, would sanction fraud and would promote injustice.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### THE MOPHIE PRODUCTS

10.     Plaintiff distributes in California and throughout the United States a case for a cell phone that includes in the case a battery to power the cell phone. Plaintiff also distributes in California and throughout the United States cell phone chargers, extenders, and other accessory products utilizing Plaintiff's distinctive trademarks and trade dress ("mophie Products").  mophie Products include mophie's juice pack air, a lightweight rechargeable external battery case ("mophie juice pack air) and mophie's juice pack plus, a rechargeable external battery case ("mophie juice pack plus").

### MOPHIE'S TRADEMARKS AND TRADE DRESS

11.     All genuine mophie Products bear one or more trademarks ("mophie Trademarks") (a) which are federally registered on the principal register of the United States Patent and Trademark Office ("USPTO") or (b) for which applications for registration on the principal register are pending before the USPTO, including:

a.    the word marks in the following table:

| Serial No. | Reg. No. | Word Mark | Class |
|---|---|---|---|
| 78903731 | 3227723 | MOPHIE | 9 |
| 78640458 | 3303733 | MSTATION | 9 |
| 77057309 | 3400661 | WRAPTOR | 9 |
| 78747782 | 3577934 | MSTATION ORB | 9 |
| 77980824 | 3949983 | MOPHIE | 9 |
| 85144833 | 4065710 | MOPHIE JUICE PACK AIR | 9 |
| 85144835 | 4065712 | MOPHIE JUICE PACK BOOST | 9 |
| 85144836 | 4065713 | MOPHIE JUICE PACK RESERVE | 9 |
| 85148369 | 4065726 | MOPHIE MARKETPLACE | 9, 36 |
| 85179481 | 4065937 | MOPHIE JUICE PACK | 9 |
| 85179966 | 4065942 | MOPHIE JUICE PACK PLUS | 9 |
| 85180162 | 4107541 | MOPHIE PULSE | 9 |
| 85179929 | 4195308 | MOPHIE JUICE PACK PRO | 9 |
| 85585179 | 4234115 | MOPHIE POWERSTAND | 9 |
| 85726645 | 4286345 | JUICE PACK | 9 |
| 85726652 | 4286346 | JUICE PACK AIR | 9 |
| 85661352 | 4329474 | MOPHIE | 9 |
| 85726655 | 4331770 | JUICE PACK PLUS | 9 |
| 85726661 | 4331771 | JUICE PACK PRO | 9 |
| 85726663 | 4331772 | JUICE PACK POWERSTATION | 9 |
| 85558853 | 4343660 | MOPHIE JUICE PACK HELIUM | 9 |
| 85596727 | 4343896 | OUTRIDE | 9 |
| 85396740 | 4380648 | DO MORE | 9, 25 |
| 85820148 | 4384029 | OUTRIDE | 9, 42 |
| 85726664 | 4389544 | JUICE PACK HELIUM | 9 |
| 85700796 | 4390847 | THE PATH AHEAD IS ROUGH. CHARGE THROUGH IT. | 9 |
| 86158692 | Pending | CRYSTAL | 9 |
| 85700192 | Pending | ENTERPRISE | 9 |
| 85401814 | Pending | KEYBOOK | 9 |
| 85739484 | Pending | MOPHIE | 9 |
| 85700193 | Pending | MOPHIE ENTERPRISE | 9 |
| 85575310 | Pending | MOPHIE JUICE PACK TANK | 9 |
| 85575298 | Pending | MOPHIE JUICE TANK | 9 |
| 85857890 | Pending | MOPHIE LOVES YOU | 9, 25, 42 |
| 85959476 | Pending | MORE TIME TO ROCK, TALK, SURF AND SEND! | 9 |
| 77057293 | Pending | MUEVA | 9 |
| 86027908 | Pending | NOTICE | 9, 10, 14 |

| 86027912 | Pending | NOTICE BAND | 9, 10, 13 |
| 86027915 | Pending | NOTICE WATCH | 9, 10, 12 |
| 85583629 | Pending | OUTRIDE | 9, 25 |
| 85596981 | Pending | OUTRIDER | 9, 25 |
| 85453899 | Pending | POWERBLU | 9 |
| 85857426 | Pending | POWERSTATION | 9 |
| 85705775 | Pending | RIDE RECORD SHARE | 9, 25 |
| 86117080 | Pending | SPACE PACK | 9 |
| 86117078 | Pending | SPACESTATION | 9 |

     b.    the design marks in the following table:

| Serial No. | Reg. No. | Mark | Class | Description |
|---|---|---|---|---|
| 77977640 | 3681443 | M | 9 | The letter "M" in a circle |
| 77977641 | 3681444 | M | 9 | The letter "M." |
| 77348524 | 3958080 | M | 25 | The letter "M" in a circle |
| 77348530 | 3966612 | M | 25 | The letter "M" |
| 85448268 | Pending | M | 9 | A white letter "M" inside a black circle |
| 85661367 | 4318944 | M | 9 | The letter "M" inside a circle |
| 78903789 | 3227725 | M MOPHIE | 9 | A partially shaded rectangle with a partially shaded circle in its center. A stylized letter "m" appears in the circle and the word "MOPHIE"" appears below the circle |
| 85695153 | Pending | MOPHIE | 9, 42 | A stylized camera lens comprising a dark gray box with a black clip on the top containing the word "MOPHIE" in black and with a red circle on the front of the box that has light gray notches cut out around the circle and a light gray circle on the inside, and the light gray circle is filled with black with a small white circle and half moon in the middle |
| 78640513 | 3303734 | MSTATION | 9 | "MSTATION" in stylized text |
| 85820162 | 4384030 | OUTRIDE | 9, 42 | "OUTRIDE" in stylized text where the "o" consists of a circle with a triangle in the center |
| 85692932 | Pending | OUTRIDE | 9 | "OUTRIDE" in stylized text where the "o" consists of a circle with a triangle in the center |
| 86048416 | Pending | | 9 | One large circle and four smaller circles arranged in a line |
| 85959565 | Pending | | 9 | Four circles in a horizontal orientation, the first circle having the image of a music note, the second circle having the image of a telephone receiver, the third circle having the image of a wave, and the fourth circle having the image of a letter |

12.     Plaintiff owns all of the right, title and interest in the United States to the mophie Trademarks and the goodwill associated with them.

13.     Since 2005, Plaintiff has continuously used one or more mophie Trademarks in commerce in the United States.  Based on the extensive advertising by Plaintiff of the mophie Trademarks, and the extensive sales and the widespread popularity of mophie Products, any product bearing one or more of the mophie Trademarks is immediately associated by purchasers and the public as being a genuine product of mophie.

14.     The packaging in which Plaintiff sells mophie Products (the "mophie Trade Dress") has acquired secondary meaning and has become exclusively associated with Plaintiff in the eyes of consumers.  The mophie Trade Dress is the overall appearance of the packaging and advertising of mophie Products, including but not limited to each of the following elements individually and in combination with one another: a soft-touch plastic exterior; sliding two-part construction; four small indicator lights to the left of a larger indicator button; sans-serif white typeface on a dark background.  The mophie Trade Dress is non-functional and has been in use in commerce since at least 2013.

## THE COUNTERFEIT PRODUCTS

15.     Defendants are distributing and selling in the United States defective imitations of genuine mophie cell phone accessory products (referred to individually as a "Counterfeit Product" and collectively as "Counterfeit Products").   The Counterfeit Products bear copies of mophie Trademarks and mophie unregistered trademarks and mophie Trade Dress.  The copying was intentional, willful and malicious, intending to deceive consumers.  The Counterfeit Products were not

1  made by mophie.   Plaintiff did not authorize Defendants to sell Counterfeit
2  Products.

3

4      16.   The Counterfeit Products appear to be designed to look identical to
5  genuine mophie Products and Plaintiff alleges, on information and belief, that they
6  were designed to look identical.

7

8      17.   The packaging in which Defendants sell Counterfeit Products appears
9  to be designed to look identical to the mophie Trade Dress and Plaintiff alleges, on
10 information and belief, that they were designed to look identical.

11

12     18.   The packaging of the Counterfeit Products recites numerous false
13 statements, including:

14

15         a.   *Serial Numbers:*   The Counterfeit Products list serial numbers
16 FL13100500212-RD and TR1212101334-OR, which are false because the
17 Counterfeit Products are not genuine.

18

19         b.   *Designations of Origin:*   The Counterfeit Products are marked
20 "Designed by mophie in California" and "Designed by mophie Inc in California"
21 which is false because the Counterfeit Products are counterfeit and could not have
22 been designed by mophie.

23

24         c.   *UPC Codes:*   The Counterfeit Products bear UPC code numbers
25 of 8-10472-02107-2 and 8-10472-01200-1, which are false because the Counterfeit
26 Products are not genuine and could not have been manufactured or distributed by
27 mophie.

28

1

**PRODUCT COMPARISON**

2    19.    The mophie juice pack air for iPhone 5 is packaged in a rectangular

3    matte black box with sans-serif white and metallic typeface and with a transparent

4    plastic face through which the product is visible.  The mophie "M" logo in a circle

5    appears on the side of the box.  Behind the product is a monochrome background

6    consisting of stylized silhouettes.  The product inside the packaging includes: a soft-

7    touch plastic red exterior; a sliding two-part construction; the word "mophie"

8    impressed into the front of the product; four indicator lights and an indicator button

9    in a line across the back of the product; and a shallow camera cutout.  The power

10   cable included with the product incorporates an impressed mophie "M" logo.  The

11   Counterfeit Product appears nearly identical to the mophie juice pack air for iPhone

12   5.

13

14   20.    The following images are true and correct photographs of Plaintiff's

15   mophie juice pack air for iPhone 5 and Defendants' Counterfeit Product:

16

17   **mophie juice pack air**          **Counterfeit Product**

18
19
20
21
22       
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10




11
12
13
14
15
16




17
18
19
20
21



22
23
24
25
26
27
28



21.    The mophie juice pack plus Outdoor Edition for iPhone 4 is packaged in a rectangular orange and gray box with sans-serif white typeface and a partial-gloss finish.  The box feature a flap which a consumer can lift to view more textual and illustrated information about the juice pack plus, and a transparent plastic face through which the product is visible.  The mophie "M" logo in a circle appears on the side of the box.  The product inside the packaging includes: a soft-touch plastic orange and gray exterior; a sliding two-part construction; metallic silver plastic button overlays; the word "mophie" impressed into the front of the product; four indicator lights and an indicator button in a line across the bottom of the product; and a shallow camera cutout.  The power cable included in the package incorporates an impressed mophie "M" logo.  The Counterfeit Product appears nearly identical to the mophie juice pack plus Outdoor Edition for iPhone 4.

22.    The following images are true and correct photographs of Plaintiff's mophie juice pack plus Outdoor Edition for iPhone 4 and Defendant's Counterfeit Product:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**mophie juice pack plus**          **Counterfeit Product**







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






1
2
3
4
5
6
7
8
9
10

 

11
12
13
14

 

15
16
17
18
19
20
21
22

 

23
24
25
26

 

27
28

23.   Defendants' Counterfeit Products misappropriate the mophie Trademarks and the mophie unregistered trademarks and the mophie Trade Dress.

24.   The similarities between the mophie Products and the Counterfeit Products are far too striking to be mere coincidence.  On that basis, Plaintiff alleges on information and belief that Defendants willfully and intentionally misappropriated the mophie Trademarks and the mophie unregistered trademarks and the mophie Trade Dress.

## DEFENDANTS' WRONGFUL ACTIVITIES

25.   Plaintiff alleges on information and belief that Defendants are distributing and selling the Counterfeit Products in an attempt to unfairly capitalize on the mophie Trademarks, the mophie unregistered trademarks, the mophie Trade Dress, and the goodwill Plaintiff has acquired.  Plaintiff alleges on information and belief that Defendants' advertising and sale of the Counterfeit Products are efforts to confuse and deceive consumers into believing the Counterfeit Products are made, sponsored or endorsed by Plaintiff.

26.   Defendants advertise and sell the Counterfeit Products on their website "imoleaccessories.com".   Defendants have sold and delivered the Counterfeit Products to customers in Los Angeles County.

## PLAINTIFF'S LOST PROFIT DAMAGES

27.   As a direct and proximate result of Defendants's counterfeiting and infringement of the mophie Trademarks, Plaintiff has suffered damages in the form of increased costs and reduced revenue in an amount that will continue to increase over time.   Based on the information available to Plaintiff about the size of

Defendants and the scope of Defendants' sales of Counterfeit Products, Plaintiff believes that the lost profit damages suffered by Plaintiff from Defendants' sales of Counterfeit Products is approximately $6,562.50, and Plaintiff alleges on information and belief, that its lost profits damages through the end of April, 2014 are $6,562.50. Plaintiff believes that it is suffering additional lost profits damages of $1,312.50 each month that Counterfeit Products are sold by Defendants and Plaintiff alleges on information and belief that its lost profits will continue to increase by no less than $1,312.50 each month after April 30, 2014 that Counterfeit Products are sold by Defendants.  Plaintiff will amend its pleadings, at or before trial, to conform to proof to state the amount of its damages.

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED

28.   As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.   Plaintiff believes and alleges on information and belief that Defendants have obtained profits of from its wrongful conducts of $10,000 through the end of April, 2014 and will obtain additional profits of $2,000 for each month Counterfeit Products are sold by Defendants, and Plaintiff alleges on information and belief that wrongfully obtained profits of Defendants are $10,000 and will increase by $2,000 each month for each month that Counterfeit Products are sold by Defendants.

## FIRST CLAIM FOR RELIEF
## FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT
## UNDER 15 U.S.C. §1114
## AGAINST ALL DEFENDANTS

29.   Plaintiff incorporates and realleges paragraphs 1 through 28 of this Complaint.

30.    The use of one or more copies of the mophie Trademarks by Defendants on the Counterfeit Products, which Defendants developed, distributed, offered for sale and sold, tends to and is more than likely to confuse and deceive consumers into believing that the counterfeit mophie Products are genuine.  In fact, the purported mophie Products supplied by Defendants are not genuine mophie Products and bear counterfeit and infringing copies of mophie Trademarks.

31.    The acts of Defendants have been committed without the consent of Plaintiff.  The acts of Defendants are likely to cause confusion and mistake in the minds of the purchasing public, and, in particular, tend to and do falsely create the impression that the Counterfeit Products sold by Defendants are manufactured, distributed, warranted, authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

32.    Plaintiff has suffered damages in the form of increased costs and reduced revenue as alleged above and that they will continue to increase as alleged above.  Plaintiff incorporates by reference here its allegations made in Paragraph 27.

33.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.   Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.    Plaintiff incorporates by reference here its allegations made in Paragraph 28.

34.    Plaintiff has no adequate remedy at law.  Monetary compensation will not afford Plaintiff adequate relief.  The acts and omissions of Defendants as alleged

herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the mophie Trademarks, Plaintiff will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1114.

35.    Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional counterfeiting infringement of the mophie Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.  The willfulness of the counterfeiting and infringement by the Defendants is evidenced by the similar appearance of the counterfeits.  The Defendants' activities are in total disregard of the rights of Plaintiff.  As a result, Plaintiff is further entitled to damages and remedies as provided by 15 U.S.C. §§ 1116 and 1117.

**SECOND CLAIM FOR RELIEF**

**FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**UNDER 15 U.S.C. §1125**

**AGAINST ALL DEFENDANTS**

36.    Plaintiff incorporates and realleges paragraphs 1 through 35 of this Complaint.

37.    The mophie Trade Dress and mophie unregistered trademarks have acquired secondary meaning and are uniquely associated with Plaintiff in the minds of consumers.

38.    Defendants' use of trade dress elements identical to those used in the mophie Trade Dress for the packaging of Counterfeit Products infringes the mophie Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the Counterfeit Products.  Defendants' use of name and marks that is identical to the mophie unregistered trademarks infringes the mophie unregistered trademarks by confusing and deceiving consumers as to the source or sponsorship of the Counterfeit Products. Defendants' conduct constitutes infringement of Plaintiff's unregistered trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

39.    Defendants' acts have caused and will continue to cause Plaintiff to suffer injury to its business, goodwill and property.

40.    Plaintiff has suffered damages in the form of increased costs and reduced revenue in an amount whose total is still unknown but is not less than the amount alleged above.  Plaintiff incorporates by reference here its allegations made in Paragraph 27.

41.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.   Plaintiff incorporates by reference here its allegations made in Paragraph 28.

42.    Plaintiff has no adequate remedy at law.  Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible,

to measure.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the mophie unregistered trademarks and mophie Trade Dress, Plaintiff will continue to suffer irreparable harm.

43.    On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Plaintiff, the mophie unregistered trademarks, the mophie  Trade Dress and the mophie Products, and to cause injury to Plaintiff.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

## THIRD CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION
### (15 U.S.C. § 1125(a))
### AGAINST ALL DEFENDANTS

44.    Plaintiff incorporates and realleges paragraphs 1 through 43 of this Complaint.

45.    As alleged herein, Defendants conduct constitutes a false designation of origin and a false representative that the Counterfeit Products are sponsored by, associated with or produced by mophie.

46.    Plaintiff has suffered damages in the form of increased costs and reduced revenue as alleged above and that they will continue to increase as alleged above.  Plaintiff incorporates by reference here its allegations made in Paragraph 27.

47.   As a proximate result of their wrongful conduct, Defendants have been unjustly enriched as alleged above.   Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.   Plaintiff incorporates by reference here its allegations made in Paragraph 28.

48.   Plaintiff has no adequate remedy at law.   Monetary compensation will not afford Plaintiff adequate relief.   The acts and omissions of Defendants as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false designation of origin and false representations, Plaintiff will continue to suffer irreparable harm.   Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

49.   Upon information and belief, the activities of the Defendants complained of herein constitute willful and intentional infringement of mophie Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).   The willfulness of the Defendants' conduct is evidenced by the similar appearance of Counterfeit Products and the false designations of origin and false representations.   The activities of Defendants activities are in total disregard of the rights of Plaintiff.   As a result, Plaintiff is further entitled to damages as provided by 15 U.S.C. §§ 1116 and 1117.

**FOURTH CLAIM FOR RELIEF**

**FOR COMMON LAW TRADEMARK INFRINGEMENT AND**

**UNFAIR COMPETITION**

**AGAINST ALL DEFENDANTS**

50.    Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 49, as if fully set forth herein.

51.    Defendants use unfair trade practices to develop, manufacture and sell Counterfeit Products in competition with mophie.

52.    This common law unfair competition includes, but is not limited to, the following separate activities:

a.    the development of Counterfeit Products;

b.    the marketing and advertising of Counterfeit Products;

c.    the transportation and delivery of Counterfeit Products;

d.    the distribution and sale of Counterfeit Products; and

e.    other such acts of unfair competition.

53.    As a proximate result of their wrongful conduct, Defendants have been unjustly enriched.  Plaintiff demands, and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine

1   the gains, profits and advantages that Defendants have obtained by reason of their

2   wrongful conduct described herein.

3

4       54.    Plaintiff has suffered damages in the form of increased costs and

5   reduced revenue as alleged above and that they will continue to increase as alleged

6   above.  Plaintiff incorporates by reference here its allegations made in Paragraph 27.

7

8       55.    As a proximate result of their wrongful conduct, Defendants have been

9   unjustly enriched as alleged above.   Plaintiff demands and is entitled to an

10  accounting from each of the Defendants, including all information necessary to

11  permit Plaintiff to determine the gains, profits and advantages that Defendants have

12  obtained by reason of their wrongful conduct described herein.   Plaintiff

13  incorporates by reference here its allegations made in Paragraph 28.

14

15      56.    Plaintiff has no adequate remedy at law.  Monetary compensation will

16  not afford Plaintiff adequate relief.  The acts and omissions of Defendants as alleged

17  herein will engender the need for a multiplicity of judicial proceedings and will

18  cause damages to Plaintiff that are difficult, if not impossible, to measure.  Unless

19  Defendants are preliminarily and permanently enjoined from committing the

20  unlawful acts alleged, Plaintiff will continue to suffer irreparable harm.  Injunctive

21  relief is therefore appropriate to prevent Defendants from engaging in any further

22  acts of unfair competition.

23

24      57.    The conduct of Defendants is fraudulent, malicious and oppressive.

25  The Defendants have engaged in the illegal development, transportation, delivery,

26  distribution and sale of Counterfeit Products.   The conduct of Defendants is

27  despicable.  Their conduct subjects Plaintiff to cruel and unjust hardship by which

28

1 its rights are brazenly attacked and stolen.  The conduct of Defendants is done
2 willfully and Defendants engage in their misconduct in conscious disregard of the
3 rights of Plaintiff.  Punitive damages should be awarded to punish Defendants and
4 deter similar conduct in the future.

5

6 **FIFTH CLAIM FOR RELIEF**

7 **FOR STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING**

8 **UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500**

9 **AGAINST ALL DEFENDANTS**

10     58.     Plaintiff incorporates and realleges paragraphs 1 through 57 of this
11 Complaint.

12

13     59.     Defendants' actions constitute infringement of Plaintiff's common law
14 rights in the mophie Trademarks and mophie unregistered trademarks and mophie
15 Trade Dress.

16

17     60.     Defendants' unfair business practices, acts of infringement and
18 misleading advertising practices as herein alleged are in violation of California
19 Business and Professions Code, Section 17200, et seq., and California Business and
20 Professions Code, Section 17500, et seq.

21

22     61.     In performing the acts and unfair business practices alleged,
23 Defendants are engaging in unlawful and unfair competition in violation of
24 Plaintiff's rights.  Defendants have obtained revenue and profit by their acts of
25 unfair competition and they should be ordered to disgorge all such revenue and
26 profit.  Defendants will continue such unfair and fraudulent business practices
27 unless and until they are restrained.

28

62.     Plaintiff has no adequate remedy at law.     Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.   Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the mophie Trademarks and mophie Trade Dress, Plaintiff will continue to suffer irreparable harm.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

a.     Developing, manufacturing, marketing, advertising, acquiring, transporting, distributing, developing, offering to sell or selling any Counterfeit Product bearing any counterfeit mophie Trademark or any counterfeit unregistered mophie Trademark or any counterfeit mophie Trade Dress;

b.     Using any mophie Trademark or any unregistered mophie Trademark or any mophie Trade Dress in connection with their business;

c.     Otherwise infringing any mophie Trademark or any unregistered mophie Trademark or any mophie Trade Dress;

1              d.     Causing likelihood of confusion, deception, or mistake as to the

2  source, nature, or quality of the goods of Defendants;

3

4              e.     Using any false designation of origin or false representation

5  concerning any mophie product;

6

7              f.     Misrepresenting to anyone that they are authorized mophie

8  manufacturers or distributors;

9

10              g.     Misrepresenting to anyone that they carry, distribute or sell

11  genuine mophie Products or that they obtain their products directly from mophie;

12

13              h.     Selling and distributing damaged mophie Products;

14

15              i.     Any acts of unfair competition or unfair practice involving or

16  affecting any mophie Trademark or any unregistered mophie Trademark or any

17  mophie Trade Dress or any mophie Product; and

18

19              j.     Soliciting, assisting, aiding or abetting any other person or

20  business entity in engaging in or performing any of the activities referred to  in    the

21  above subparagraphs "a" through "i".

22

23      2.    For an order directing Defendants, and each of them, to file with this

24  Court and serve on Plaintiff within 30 days after service of an injunction, a report in

25  writing under oath, setting forth in detail the manner and form in which Defendants

26  have complied with the injunction;

27

28

1       3.     For an order requiring Defendants, and each of them, to deliver to

2 Plaintiff:

3

4          a.     All products, literature, and other material bearing any

5 counterfeits of any mophie Trademark or any unregistered mophie Trademark or

6 any mophie Trade Dress or any other infringement of Plaintiff's intellectual

7 property or which falsely identifies the source of any products; and

8

9          b.     Printing devices, packing, advertising or any other items used in

10 the manufacture, publicity, advertising or sale of products bearing any counterfeits

11 of any mophie Trademark or any unregistered mophie Trademark or any mophie

12 Trade Dress.

13

14       4.     For an order requiring Defendants to account for all sales and transfers

15 of any of the Counterfeit Products, including an order that they submit to Plaintiff

16 immediately all records of all purchases, sales, and other materials pertaining to the

17 acquisition and distribution of the Counterfeit Products;

18

19       5.     For an accounting from each Defendant of all profits, monies and

20 advantages that Defendants have obtained by reason of their wrongful conduct;

21

22       6.     For a seizure of all Counterfeit Products;

23

24       7.     For expedited discovery on the subject of the suppliers and purchasers

25 of Defendants of Counterfeit Products in order that Plaintiff can quickly locate the

26 source and locations of these illegal products;

27

28

8.     For damages and remedies as provided by 15 U.S.C. §§ 1116 & 1117;

9.     For damages and remedies as provided by 15 U.S.C. § 1125;

10.    For damages and remedies as provided by 19 U.S.C. § 1526;

11.    For damages according to proof and for all gains, profits, or advantages derived by Defendants by their unfair trade practices and unfair competition to the fullest extent allowed by common law but not less than $200,000;

12.    For an order requiring that all gains, profits, or advantages derived by Defendants by their wrongful conduct be disgorged to Plaintiff to the fullest extent allowed by law;

13.    For punitive and exemplary damages in an amount sufficient to punish defendants and defer such conduct in the action;

14.    For attorneys' fees;

15.    For costs; and

16.   For such other and further relief as the Court deems just and proper.

Dated:  July 18, 2014

William C. Conkle, member of
CONKLE & OLESTEN, P.C.

By: _____
William C. Conkle
Attorneys for Plaintiff mophie, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff mophie, Inc. demands trial by jury of all issues triable by a jury.

Dated:  July 18, 2014

William C. Conkle, member of
CONKLE & OLESTEN, P.C.

By: _____
William C. Conkle
Attorneys for Plaintiff mophie, Inc.